JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEALTH-ADE, LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>THE HANOVER INSURANCE COMPANY, *et al.*,<br><br>　　　　　Defendants. | Case No. 2:21-cv-08929-SSS-MARx<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [DKT. 25] AND VACATING THE HEARING [DKT. 55]** |

Before the Court is Plaintiff Health-Ade, LLC's ("Health-Ade") Motion to Remand this Case to the Superior Court of the State of California for the County of Los Angeles (the "Motion"). [Dkt. 25]. In its Motion, Health-Ade further requests the Court award it attorney fees. [Dkt. 25 at 7–8]. The Motion is fully briefed and ripe for consideration. [Dkts. 25, 34 & 39]. A hearing on this Motion is scheduled for September 16, 2022. [Dkt. 55]. The Court deems this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. For the following reasons, Health-Ade's Motion is DENIED and the hearing is VACATED.[1]

## I. BACKGROUND

On August 9, 2021, Health-Ade filed an action against Defendant The Hanover Insurance Company ("Hanover") in the Superior Court of the State of California for the County of Los Angeles. [Dkt. 1 at 9][2]. Health-Ade is a limited liability corporation that, at the time of its state court action, alleged to have a member who was "a resident of and is therefore domiciled within the Commonwealth of Massachusetts." [Dkt. 1 at 10, ¶2]. Hanover is a corporation with its principal place of business in Massachusetts and does business with persons and entities in Los Angeles County, California. [Dkt. 1 at 10, ¶2].

---

[1] Because the facts alleged in the Declaration of James J. Huberty [Dkt. 34-1 at 2–4] are not dispositive to the Court's ruling, the Court declines to rule on Health-Ade's objections [Dkt. 40].

[2] Because court filings are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," pleadings filed and orders issued in related litigation are proper subjects of judicial notice under Rule 201. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record"); *see also Rodriguez v. Disner*, 688 F.3d 645, 660 n.11 (9th Cir. 2012) (taking judicial notice of briefs filed in related case). Courts regularly take judicial notice of "undisputed matters of public record, including documents on file in federal or state courts." *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012).

On September 17, 2021, Hanover served Health-Ade with Special Interrogatories inquiring about Health-Ade's member domiciled in Massachusetts. [Dkt. 34-2 at 44–51]. On October 20, 2021, Health-Ade responded to Hanover's Special Interrogatories. [Dkt. 34-2 at 54–68]. In its responses Health-Ade indicated that one of its members, John R. Bielkevicius, is a resident of Massachusetts, has lived there for 69 years, has no other mailing address, is registered to vote in Massachusetts, has a driver's license in Massachusetts, and has paid state income taxes in Massachusetts. [Dkt. 34-2 at 56–57, lines 27–28, 1–7]. In its Supplemental Responses to Hanover's Special Interrogatories, Health-Ade stated that Bielkevicius became a member of Health-Ade on March 14, 2013 and ended his membership on August 17, 2021. [Dkt. 34-2 at 77, lines 14–19]. Hanover then removed the case from the Superior Court of the State of California for the County of Los Angeles to this Court on November 12, 2021. [Dkt. 1].

## II.  Legal Standard

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant. . .to the district court of the United States. . ." The removal statutes are strictly construed and remand to the state court is to be granted where there are doubts as to the right of removal. *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1182 (9th Cir. 2015). District courts must remand the case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *see also Smith v. Mylan, Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014).

Where removal is based on diversity of citizenship, diversity must exist when the complaint is filed *and* when the complaint is removed. *Strotek Corp. v. Air Transport Ass'n of America*, 300 F.3d 1129, 1131–32 (9th Cir. 2002) (emphasis added) (citing *Morongo Band of Mission Indians v. California State*

*Bd. Of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) and *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998)); *see also Price trustee of Vivian Price Family Trust v. AMCO Insurance Company*, No. 1:17-cv-01053-DAD-SKO, 2017 WL 4511062, at *2 (E.D. Cal. Oct. 10, 2017) ("As a general rule, diversity jurisdiction requires complete diversity of citizenship both at the time the action was commenced in state court and at the time of removal."). The exception to the general rule that diversity must exist at the time of filing and removal is the voluntary-involuntary rule. *Self v. General Motors Corp.*, 588 F.2d 655, 657 (9th Cir. 1978); *see also Price trustee of Vivian Price Family Trust*, No. 1:17-cv-01053-DAD-SKO, 2017 WL 4511062 at *2. Per the voluntary-involuntary rule, "[i]f a subsequent voluntary act of the plaintiff brings about a change that renders the case removable. . .the court is instructed to look to the citizenship of the parties on the basis of the pleadings filed at the time of removal." *Price trustee of Vivian Price Family Trust*, No. 1:17-cv-01053-DAD-SKO, 2017 WL 4511062 at *2 (internal quotations omitted).

### III. Discussion

Health-Ade argues remand is appropriate because diversity did not exist at the time the complaint was filed in state court. [Dkt. 25 at 5–7]. In addition to its remand argument, Health-Ade argues the Court should award attorney's fees to Health-Ade because Hanover's removal was improper. [Dkt. 25 at 7–8]. Hanover argues remand is inappropriate because diversity existed at the time of removal. [Dkt. 34 at 5–8]. Hanover further argues the Court should not award attorney's fees because it had a good-faith basis for removal. [Dkt. 34 at 8–9]. The Court addresses each issue below.

**A.    Remand**

The central principle of federal removal based on diversity is that diversity must exist at the time of filing and the time of removal. *Strotek Corp.*, 300 F.3d at 1131. In cases that could not otherwise be brought in federal court,

a post-filing event may give rise to removal if the post-filing event was due to a voluntary act by the plaintiff. *People of State of Cal. By and Through Lungen v. Keating*, 986 F.2d 346, 348 (9th Cir. 1993). "Voluntary acts" include plaintiff's voluntary amendment of the pleadings, plaintiff's voluntary dismissal of another plaintiff or defendant, or plaintiff's nonsuit of a defendant. *Self v. General Motors Corp.*, 588 F.2d 655, 659 (9th Cir. 1978); *see also Mullin v. General Motors LLC*, No. CV 15-7668-DMG (RAOx), 2016 WL 94235, at *3 (C.D. Cal. Jan 7, 2016).

      Here, at the time Health-Ade filed the initial complaint in state court there was not complete diversity. Hanover's principal place of business is in Massachusetts. [Dkt. 1 at 10, ¶2]. Health-Ade is an LLC and therefore "[it] is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *see also United Food Group, LLC v. Cargill, Inc.*, No. CV 11-7752-SS, 2015 WL 1386996, at *4 (holding that because plaintiff's sole member was a corporation incorporated in Delaware, plaintiff was a citizen of Delaware). Health-Ade had a member that was a citizen of Massachusetts. [Dkt. 25-1 at 35]. Health-Ade's Massachusetts member was a member of Health-Ade from March 14, 2013 to August 12, 2021. [Dkt. 25-1 at 35, lines 17–19]. Health-Ade filed its initial complaint on August 9, 2021. [Dkt. 1 at 16]. Because Hanover has its principal place of business in Massachusetts and Health-Ade had a member that was a citizen of Massachusetts at the time of filing, there was no diversity at the time Health-Ade filed its state court action. Because there was no diversity at the time of filing, removal was improper. *Strotek Corp.*, 300 F.3d at 1131.

      Moreover, Hanover's basis for removal is misguided. Hanover contends that diversity was created on August 12, 2021, when Health-Ade's Massachusetts member left Health-Ade. [Dkt. 34 at 6, lines 22–25]. Specifically, Hanover argues that Health-Ade's loss of the Massachusetts

member was a voluntary act justifying removal. [Dkt. 34 at 6, lines 22–25]. However, an LLC member leaving does not constitute a voluntary act by Health-Ade. *See, e.g.*, *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 580 (2004) (holding that a post-filing change in citizenship neither alters nor cures diversity jurisdiction at the time of filing); *see also Mullin v. General Motors LLC*, No. CV 15-7668-DMG (RAOx), 2016 WL 94235, at *3 (C.D. Cal. Jan. 7, 2016). Accordingly, removal was improper and this action should be remanded to state court.

## B.     Attorney Fees

Health-Ade argues attorney fees should be awarded pursuant to 28 U.S.C. §§ 1447(c) and 1927 because Hanover knew "diversity of citizenship did not exist between Health-Ade and Hanover at the time of the filing of this action." [Dkt. 25 at 8, lines 6–9]. Hanover argues attorney fees should not be awarded because it had a good-faith basis for removal. [Dkt. 34 at 8–9].

Under 28 U.S.C. § 1447(c), Court has wide discretion to grant or deny attorney fees when remanding a case. *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 447 (9th Cir. 1992); *see* 28 U.S.C. § 1447(c). Attorney fees should be denied when the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capitol Corp.*, 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."); *see also Gardner v. UICI*, 508 F.3d 559, 561 (9th Cir. 2007). Moreover, for attorney fees to be awarded pursuant to § 1927 the Court must find subjective bad faith. *May v. Gladstone*, 562 F. Supp. 3d 709, 715 (C.D. Cal. 2021); *see also* 28 U.S.C. § 1927. "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a

meritorious claim for the purpose of harassing an opponent." *May*, 562 F. Supp. 3d at 715 (quotations omitted).

Here, Hanover's removal was neither unreasonable nor in bad faith. Hanover removed the action based on Health-Ade's loss of its Massachusetts member. [Dkt. 34 at 5–6]. While Hanover's removal was misguided, it does not rise to the level of being unreasonable or in bad faith. *See, e.g.*, *Price trustee of Vivian Price Family Trust v. AMCO Insurance Company*, No. 1:17-cv-01053-DAD-SKO, 2017 WL 4511062, at *4 (finding attorney fees should not be awarded because defendant's actions in removing the case were not unreasonable); *Hall v. GranCare, LLC*, No. 15-2201 MMC, 2015 WL 5882001, at *3 (finding attorney fees should not be granted because there was no evidence of unusual circumstances nor was defendant's removal objectively unreasonable). Further, the removal was not subject to unusual circumstances because Hanover's removal was based on its special interrogatories, which the state court allowed. [Dkt. 1 at 32–43]. Accordingly, the Court does not award Health-Ade attorney fees.

## IV.  Conclusion

It is therefore ORDERED that Plaintiff Health-Ade's Motion to Remand [Dkt. 25] is GRANTED, Health-Ade's request for attorney fees is DENIED, and the Motion Hearing scheduled for September 16, 2022 is hereby VACATED. Accordingly, the Court ORDERS this case remanded to the Superior Court of the State of California in and for the County of Los Angeles.

**IT IS SO ORDERED.**

Dated: September 6, 2022

_____
SUNSHINE S. SYKES
United States District Judge